[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Mary E. Hurt (a minor, by her father and next friend Ronald Hurt), Ronald Hurt, individually, and Pamela Hurt, have brought suit against the defendants, Russell and Nancy Brewer. The plaintiffs allege that Mary E. Hurt was injured when she was bitten by a dog owned and kept by the Brewers. Count one asserts the defendants' liability under General Statutes §22-357. Count two seeks medical damages, and count three is a claim by Ronald and Pamela Hurt for loss of filial consortium. The defendants filed a motion to strike count three on the ground that Connecticut does not recognize the claim of loss of filial consortium.
The function of a motion to strike is to test the legal sufficiency of a pleading; RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384, 650 A.2d 153 (1994); and it "may be used to test whether Connecticut is ready to recognize . . . [a] newly emerging ground of liability." (Internal quotation marks omitted.) Shaham v. Wheeler, Superior Court, judicial district of Danbury, Docket No. 321879 (June 26, 1996) (Moraghan, J.) (17 CONN. L. RPTR. 232, 233).
In DiBonauentura v. Ayoub, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 138051 (January 6, 1997) (D'Andrea J.), this court, noting the split of authority then existing in the superior court on the question of whether a cause of action for filial consortium lies, aligned itself with those decisions declining to recognize such a cause of action. In light of the recent decision of the Supreme Court in Mendillo v.Board of Education, 246 Conn. 2 (1998), no reason exists for this court to change its position.
CT Page 1949 In Mendillo, the Supreme Court declined to recognize a derivative cause of action for loss of parental consortium by a minor child, concluding that "the balance of reasons and public policies tips against the recognition of such a claim." Id., 477.
While the Mendillo court did not specifically address a claim for filial consortium, it is submitted that by implication the court's reasoning for rejecting a claim for parental consortium applies equally to a claim for filial consortium for the court stated: "there is nothing in reason to differentiate the parent's loss of the joy and comfort of his child from that suffered by the child." Id., 485 n. 20.
Therefore, the defendants' motion to strike count three of the plaintiffs' complaint is granted.
D'ANDREA, J.